24-2726-bk
*In Re: Valuex Research, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of August, two thousand twenty-five.

PRESENT:
　　　　JOSEPH F. BIANCO,
　　　　EUNICE C. LEE,
　　　　ALISON J. NATHAN,
　　　　　　*Circuit Judges*.

_____

IN RE: VALUEX RESEARCH, LLC,

　　　　　　*Debtor*.

_____

ERIC ROSS, ARTHUR BLICK, CARRIE KENDALL, FRANCINE ROSS, JUSTIN ROSS, LANDY PROPERTIES LLC AND THE ROSS TRUST,

　　　　　　*Creditors-Appellants*,

　　　　v.　　　　　　　　　　　　　　24-2726-bk

VALUEX RESEARCH, LLC,

　　　　　　*Debtor-Appellee*,

UNITED STATES TRUSTEE,

　　　　　　*Trustee*.

_____

CERTIFIED COPY ISSUED ON 08/13/2025

FOR CREDITORS-APPELLANTS:          HOWARD P. MAGALIFF, R3M Law, LLP, New
                                   York, NY.

FOR DEBTOR-APPELLEE:               JOHN F. CARBERRY (Kara Anne Zarchin, *on the
                                   brief*), Cummings & Lockwood LLC, Stamford,
                                   CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on September 16, 2024, affirming the dismissal of the involuntary bankruptcy petition is **AFFIRMED**, the appeal is **DISMISSED** in part as to the challenge to any future award of fees, costs, or damages under 11 U.S.C. § 303(i), and the case is **REMANDED** to the district court with instructions to remand the case to the bankruptcy court for further proceedings consistent with this summary order.

Creditors-Appellants Eric Ross ("Ross"), Arthur Blick, Carrie Kendall, Francine Ross, Justin Ross, Landy Properties LLC, and The Ross Trust (collectively, the "Creditors") appeal from the district court's judgment, which affirmed a bankruptcy court order granting Debtor-Appellee Valuex Research, LLC's ("Valuex") motion to dismiss the Creditors' involuntary bankruptcy petition and retaining jurisdiction, pursuant to 11 U.S.C. § 303(i), to consider any motion by Valuex for reasonable attorney's fees, costs, or damages proximately caused by the filing of the involuntary bankruptcy petition.  On appeal, the Creditors raise three principal arguments:  (1) the bankruptcy court committed several procedural errors in connection with granting the motion to dismiss; (2) the bankruptcy court abused its discretion in dismissing the involuntary petition *sua sponte* under 11 U.S.C. § 707(a), even though Valuex moved to dismiss under Section 303, and in finding "cause" for dismissal under Section 707(a); and (3) the bankruptcy court erroneously retained jurisdiction to consider any motion by Valuex under Section 303(i) for fees, costs, or

1

damages.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

This case arises from a financial dispute between Valuex and certain of its creditors.  Valuex is a Connecticut limited liability company, formed in May 2016 and dissolved in February 2023, for which Ulrika Johansson ("Johansson") served as the managing member and chief executive officer.  The Creditors assert that Valuex represented itself as the exclusive owner of a patent for a stock market product called the VX 1000 Index.  Between November 2017 and July 2018, the Creditors entered into convertible promissory notes ("CPNs") with Valuex in amounts that ranged from $2,500 to $15,000.  The Creditors granted Valuex several extensions of the CPNs' original maturity date, but when the CPNs ultimately became due, Valuex failed to repay them.  In November 2022, Valuex sent the Creditors a letter of dissolution.  Shortly thereafter, Ross allegedly discovered that Johansson's husband had formed a company called Valuex Fintech LLC ("Fintech"), which listed Johansson as the chief executive officer and represented itself as the owner of the VX 1000 Index, not Valuex.

On December 19, 2022, Ross sent Johansson an email stating that he planned to file an involuntary bankruptcy petition against Valuex unless it issued notes payable to his investor group for the full value of their CPNs plus 12% interest, and these notes were personally signed by Johansson and her husband, who would share joint and several liability with Fintech.  Ross also left Johansson a voicemail stating that he planned to "treat [her] with the same disrespect that [she was] entitled to, including notification to several federal authorities including courts, which will in all likelihood result in some incredibly unexpected outcomes to [her]."  Joint App'x at 486.  Valuex declined the offer and, on December 27, 2022, Ross filed a *pro se* Chapter 7 involuntary

2

bankruptcy petition against Valuex on behalf of the Creditors.  The petition erroneously included a non-creditor among the petitioners and designated Fintech and several other corporate entities associated with Johansson as "aliases" of Valuex.  Although only the Creditors joined the petition, Valuex had a total of thirty-eight creditors who were owed approximately $500,000.  Before he filed the petition, Ross was aware of at least one other creditor not among the Creditors involved in this appeal who had filed a Connecticut state court action against Valuex.

On March 27, 2023, Valuex moved to dismiss the petition, arguing it was filed in "bad faith," which warranted dismissal under Section 303.  Ross opposed the motion and after an initial proceeding, at which the Creditors submitted several exhibits, the bankruptcy court scheduled an evidentiary hearing.  The bankruptcy court also permitted the other Creditors who had not yet responded to the motion to file an untimely opposition to the motion, in support of which they submitted additional exhibits.  On August 16, 2023, the bankruptcy court held the evidentiary hearing, at which Ross and Johansson testified and other evidence was submitted by both sides. Following the evidentiary hearing, the bankruptcy court dismissed the involuntary petition pursuant to Section 707(a), finding cause for dismissal because, among other things:  (1) the petition was used to intimidate Valuex; (2) the petition was used as a litigation tactic; and (3) the dispute could be resolved in state court.  The bankruptcy court retained jurisdiction to consider any motion by Valuex for reasonable attorney's fees, costs, or damages pursuant to Section 303(i).

The Creditors appealed to the district court, arguing principally that the bankruptcy court: (1) denied them proper notice and a hearing under Section 707(a); (2) abused its discretion by determining that there was cause for dismissal; and (3) erred by retaining jurisdiction to consider attorney's fees, costs, and damages.  The district court rejected the Creditors' arguments and affirmed the order of the bankruptcy court.  In doing so, the district court first concluded that the

notice and hearing provided by the bankruptcy court was sufficient under Section 707(a).  Next, it

determined that the bankruptcy court did not abuse its discretion in finding cause for dismissal

under Section 707 and, alternatively, it held that "bad faith on the part of the petitioning creditors

. . . provide[d] grounds for dismissal, either under section 707(a) or under section 303"—though

it acknowledged that the Second Circuit had not yet determined whether "bad faith" was a ground

for dismissal under Section 303.  Special App'x at 41.  Finally, as to the bankruptcy court's

retention of jurisdiction to consider any motion by Valuex for damages caused by the filing of the

involuntary petition, the district court concluded that, although "[t]he Second Circuit has not yet

clarified whether damages under 303(i) are available for petitions dismissed under other sections,"

namely Section 707, the bankruptcy court could award damages because it found "creditor

misconduct" or, alternatively, because the "the Petition could have been dismissed under section

303," which indisputably would allow for damages under Section 303(i).  *Id.* at 42–43.  The district

court entered judgment accordingly and this appeal followed.

## DISCUSSION

### I.      Unpreserved Procedural Challenges

As a threshold matter, the Creditors raise several procedural challenges for the first time

on appeal.  In particular, they argue that the bankruptcy court's decision to "hold[] a trial on a

motion to dismiss was not proper under the Bankruptcy Rules and sidestepped what should have

been determined either by the procedures for summary judgment or actual trial after an answer,

with a full right to discovery."  Appellants' Br. at 18 (cleaned up).  However, because the Creditors

did not raise these arguments before the district court or the bankruptcy court, we conclude that

they have been forfeited.  *See In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994) (declining to

consider an argument that was not presented "to either the bankruptcy court or the district court");

*In re Blackwood Assocs., L.P.*, 153 F.3d 61, 67 (2d Cir. 1998) (same); *see also Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

The Creditors urge us to exercise our discretion to consider these forfeited arguments because "they present pure questions of law and would, if overlooked, result in manifest injustice." Appellants' Br. at 17; *see Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) (explaining that "we may exercise discretion to consider [forfeited] arguments where necessary to avoid a manifest injustice" (alterations in original)); *Patterson v. Balsamico*, 440 F.3d 104, 112 (2d Cir. 2006) ("[T]his Court has discretion to decide the merits of a forfeited claim or defense 'where the issue is purely legal and there is no need for additional fact-finding[.]'" (citation omitted)).

We decline to exercise that discretion here. First, many of the Creditors' challenges do not present purely legal questions, as they require us to examine whether the bankruptcy court abused its discretion in light of the specific factual and procedural circumstances of this case. Moreover, we discern no manifest injustice that resulted from the challenged procedures. Instead, the record reflects that the parties were given a reasonable opportunity to prepare for the evidentiary hearing and to present material evidence at the hearing in connection with Valuex's motion to dismiss. In short, the Creditors have failed to demonstrate any prejudice that resulted from the procedures utilized in the bankruptcy court, and we decline to exercise our discretion to consider the Creditors' procedural challenges raised for the first time on appeal.[1]

---

[1] The Creditors also argue that, during the evidentiary hearing, "the Bankruptcy Court did not follow the well-settled rule in this Circuit to treat Ross, a *pro se* litigant, with a special solicitude," and improperly interrupted and limited Ross's cross-examination of Johansson. Appellants' Br. at 50. Although the Creditors raised this issue in the district court, they failed to raise it in the bankruptcy court, and thus again have forfeited this argument. *See In re Johns-Manville Corp.*, 759 F.3d 206, 219 (2d Cir. 2014) (declining to consider arguments raised in the district court but not the bankruptcy court). In any event, we agree with the district court that the Creditors have failed to identify any abuse of discretion by the bankruptcy court

II.        **Dismissal For Cause Under Section 707(a)**

The Creditors argue the bankruptcy court's conclusion that there was cause to dismiss the involuntary petition under Section 707(a) was based on clearly erroneous factual findings, and that the bankruptcy court's dismissal, which was affirmed by the district court, was an abuse of discretion.  Specifically, the Creditors contend that it was an abuse of discretion to dismiss for cause because (1) they filed the bankruptcy petition for a legitimate purpose, as they believed Valuex fraudulently conveyed assets to Fintech and that a court-appointed trustee could conduct a proper investigation; (2) the petition was not used to intimidate Valuex, but rather to secure the collection of the overdue CPNs; and (3) the Creditors were not involved in any then-pending litigation against Valuex, so the petition could not be considered a litigation tactic.  We find these arguments unpersuasive.

Dismissal for cause is a "fact-specific inquiry as to which a variety of factors may be relevant, including the purpose for which the petition was filed and whether state proceedings adequately protect the parties' interests."  *In re Murray*, 900 F.3d 53, 60 (2d Cir. 2018).  We will disturb a bankruptcy court's decision to dismiss under Section 707 "only if the bankruptcy court has exceeded the bounds of the discretion afforded by the statute."  *In re Smith*, 507 F.3d 64, 73 (2d Cir. 2007).  A bankruptcy court exceeds its discretion "if its decision rests on an error of law or a clearly erroneous factual finding or cannot be located within the range of permissible decisions."  *Murray*, 900 F.3d at 59.  A factual finding is "clearly erroneous" if we are left with a

---

in connection with its management of the trial, including the rulings with respect to Ross's cross-examination of Johansson.  *See, e.g.*, *United States v. Yakobowicz*, 427 F.3d 144, 150 (2d Cir. 2005) (explaining that "a trial management issue is . . . review[ed] for abuse of discretion"); *see also Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) ("We review the bankruptcy court's evidentiary decisions for abuse of discretion.").

"definite and firm conviction that a mistake has been made." *Gasson v. Premier Cap., LLC*, 43 F.4th 37, 41 (2d Cir. 2022) (internal quotation marks and citation omitted).

Here, we conclude that the bankruptcy court neither abused its discretion nor made clearly erroneous factual findings in reaching the conclusion that there was cause for dismissal under Section 707(a).[2] The bankruptcy court provided detailed reasoning for its determination, which was well-supported by the record. For example, the bankruptcy court concluded that the petition was filed for an improper purpose—namely, "as punishment and retribution for perceived disrespect and to address [Ross's] anger, embarrassment and frustration"—based, in part, on Ross's voicemail to Johansson stating that he would treat her with "disrespect" and cause "incredibly unexpected outcomes," as well as his email threatening to file a bankruptcy petition if Valuex did not agree to his repayment terms. Special App'x at 17–18 (internal quotation marks and citation omitted). Additionally, the bankruptcy court noted that Ross "not only placed Valuex Research into an involuntary bankruptcy case, but also listed Valuex Fintech, LLC, Valuex Inc., and Valuex, LLC as aliases on the Involuntary Petition," even though, as a Certified Public Accountant with experience in forensic accounting, "he knew or should have known that Valuex

---

[2] As an initial matter, the Creditors contend that the bankruptcy court's *sua sponte* dismissal of the involuntary petition under Section 707(a), even though Valuex filed its motion to dismiss *under Section 303*, improperly deprived them of the requisite notice and opportunity to be heard before the bankruptcy court's dismissal for cause under Section 707(a). We disagree. Indeed, in *Murray*, we upheld a bankruptcy court's *sua sponte* dismissal for cause under Section 707(a) when the debtor moved to dismiss under Section 303 and, at a hearing on that motion, the bankruptcy court raised the possibility of dismissal under Section 707(a). *See* 900 F.3d at 57 & n.2, 63. Here, as the district court correctly noted, "[i]n response to Valuex Research's Motion to Dismiss, the petitioning creditors filed two objections and were allowed to present evidence at a nearly five-hour evidentiary hearing" and "[t]he defendants were on notice the Bankruptcy Court was considering dismissal and had every opportunity to bring 'additional facts or law' to the Bankruptcy Court's attention that weighed against it." Special App'x at 34. Although the bankruptcy court did not raise the possibility of *sua sponte* dismissal under Section 707(a) at the evidentiary hearing, it dismissed the involuntary petition for substantially the same reasons articulated by Valuex in its motion to dismiss, which the Creditors had ample opportunity to contest at the evidentiary hearing and in their briefing. Thus, we discern no error in the procedure afforded to the Creditors in connection with the bankruptcy court's dismissal under Section 707(a).

Fintech, LLC, Valuex Inc., and Valuex, LLC are separate corporate entities, not aliases of Valuex Research" after "reviewing the Connecticut Secretary of State corporate records." *Id*. at 17.  The bankruptcy court also explained that the fact that Ross "signed [the petition] on behalf of all of the other petitioning creditors *including one individual who was not a creditor of Valuex Research*, supports the conclusion that [] Ross inappropriately used the Bankruptcy Code." *Id*. at 18.  Further, the bankruptcy court concluded that, based on Ross's email demanding that Valuex "issue full notes payable to all parties in [his] group for full value [of their CPNs] plus accrued interest at 12%" and his admission that he threatened Valuex with the petition to "obtain terms and conditions otherwise not available to him," the petition was being "used as a litigation tactic and an improper alternative to customary debt-collection procedures." *Id*. at 19 (internal quotation marks omitted). Finally, in determining that an adequate state court remedy existed, the bankruptcy court relied on the fact that a non-petitioning creditor had filed a state court action against Valuex, of which Ross was aware.

Although the Creditors disagree with the findings and reasoning with respect to Ross's improper motive for filing the involuntary petition, that disagreement does not demonstrate clear error.  After conducting a thorough evidentiary hearing and assessing the evidence, including the testimony of Ross and Johansson, the bankruptcy court properly exercised its discretion to weigh the evidence and make the necessary credibility assessments to resolve the material factual disputes raised by the parties.  *See In re CBI Holding Co., Inc.*, 529 F.3d 432, 450–51 (2d Cir. 2008) ("[T]o the extent that the bankruptcy court's finding . . . rests on its decision to credit [one witness's] testimony rather than [another's], its finding is not clearly erroneous."); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two . . . witnesses, each of whom has told a coherent and

8

facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.").[3]

In sum, having reviewed the record, we agree with the district court that the bankruptcy court did not abuse its discretion or rely on clearly erroneous factual findings in determining that there was cause for dismissal of the involuntary petition under Section 707(a), and affirm the dismissal of the petition under that provision.

**III.      Retention of Jurisdiction Under Section 303(i)**

The Creditors also argue that the bankruptcy court improperly retained jurisdiction, pursuant to Section 303(i), to consider any motion for attorney's fees, costs, or damages caused by the filing of the involuntary petition.  In particular, the Creditors contend that, because the petition was dismissed under Section 707, rather than Section 303, the bankruptcy court has no legal authority to render such an award under Section 303(i).  We dismiss this portion of the appeal for lack of jurisdiction because the bankruptcy court has yet to issue a final order with respect to Valuex's pending motion under Section 303(i) for attorney's fees and costs.[4]

Although we have recognized that a flexible approach to finality may apply in bankruptcy proceedings, this flexibility is limited by the requirement that there be a final decision on the discrete issue before the court.  *See In re Chateaugay Corp.*, 838 F.2d 59, 61 (2d Cir. 1988).  Indeed,

---

[3] To the extent the Creditors also assert the bankruptcy court abused its discretion by imputing Ross's intent to the other Creditors, we also find that argument unavailing because the evidence before the bankruptcy court demonstrated that Ross obtained the other Creditors' consent to file the petition and was acting on behalf of his "investor group" in his communications with Johansson.  Special App'x at 9.

[4] We note that the pending motion for costs and attorney's fees does not affect our jurisdiction to review the judgment of the district court affirming the dismissal of the involuntary petition.  *See, e.g.*, *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202–03 (1988) ("[A] decision on the merits is a 'final decision' for purposes of [Section] 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."); *see also Covanta Onondaga Ltd. v. Onondaga Cnty. Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003) ("[A] court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs . . . .").

"[i]t makes little sense to accord the district court decision finality, even under the 'flexible' approach in bankruptcy proceedings, where the district court decision envisions further proceedings in the bankruptcy court to determine the rights of the parties."  *Id.* at 62; *see also Bowers v. Conn. Nat. Bank*, 847 F.2d 1019, 1023 (2d Cir. 1988) (explaining that appellate courts lack jurisdiction when a district court has provided for "significant further proceedings in bankruptcy courts" (internal quotation marks and citation omitted)).

Here, although the bankruptcy court has determined that it has jurisdiction to award damages under Section 303(i) and the district court has affirmed that legal determination, there has been no final decision on Valuex's pending motion for damages under Section 303(i).  Indeed, Valuex's motion is still pending in the bankruptcy court and, during oral argument, counsel for the Creditors conceded that they intend to appeal the award of damages once that award is final in the bankruptcy court.  Given the absence of a final order on the pending motion, we lack jurisdiction to review the Creditors' challenge to the bankruptcy court's legal authority to render such an award under Section 303(i), and thus, we dismiss that portion of the appeal.[5]  *See, e.g., Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 87 (2d Cir. 1998) ("[W]e have no jurisdiction, under 28 U.S.C. § 1291, to review a grant of attorney's fees and costs until the amount of fees and costs have been set.");  *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("We conclude that we lack jurisdiction to decide [the challenge to the district court's award of attorney's fees] because the district court order awarding attorney's fees left open the amount of fees to be paid.").

---

[5]  We therefore express no views as to whether the bankruptcy court may award damages pursuant to Section 303(i) based on a dismissal pursuant to Section 707(a), or whether the district court properly determined in the alternative that damages are available pursuant to Section 303(i) because the involuntary petition "could have been dismissed under [S]ection 303 as a 'bad faith' filing."  Special App'x at 43.

\*          \*          \*

We have considered the Creditors' remaining arguments and find them to be without merit.

Accordingly, the judgment of the district court affirming the dismissal of the involuntary petition

is **AFFIRMED**, the appeal is **DISMISSED** in part as to the challenge to any future award of fees,

costs, or damages under 11 U.S.C. § 303(i), and the case is **REMANDED** to the district court with

instructions to remand the case to the bankruptcy court for further proceedings consistent with this

summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11